UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                      CRIMINAL ACTION NO. 3:23-CR-41-RGJ

DEVIN ROBINSON                                               DEFENDANT

**SENTENCING MEMORANDUM**

*ELECTRONICALLY FILED*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for January 29, 2025. The United States does not intend to call any witnesses at the hearing.

The United States agrees with the Guidelines calculations in the Presentence Report, which include a total offense level of 12 and a Criminal History Category of III. This results in a sentencing range of 15 to 21 months. The defendant has already served 28 months in pretrial custody on a state case that was ultimately dismissed. It is the position of the United States that a sentence of time served, to be followed by a five-year term of supervised release, is the appropriate sentence in this matter.

**I.  OFFENSE CONDUCT**

In 2021, the defendant earned money by facilitating commercial sex acts. Jane Doe #1 lived in Indiana. The defendant made contact with Jane Doe #1 on Facebook. After they met in person, the defendant asked if Jane Doe #1 would be interested in working with him by performing commercial sex acts. Jane Doe #1 agreed. On a couple occasions, the defendant took Jane Doe #1 from Indiana to Louisville to perform commercial sex acts. Jane Doe #1 told

1

law enforcement she was not coerced and the defendant did not use any force against her. The defendant received 1/3 of Jane Doe #1's proceeds from commercial sex acts. On March 2, 2021, the defendant drove to get Jane Doe #1 in Indiana and bring her to Louisville so she would engage in commercial sex acts. The defendant and Jane Doe #1 communicated through Facebook as the defendant was driving to pick up Jane Doe #1. Toll records show the defendant crossing the bridge from Louisville to Jeffersonville, Indiana, and back on March 2, 2021.

## II.  GUIDELINES CALCULATION

The United States concurs with the Guidelines offense level calculation in the Presentence Report, which sets forth a total offense level of 12, based on a base offense level of 14, pursuant to § 2G1.1(a)(2), and a two-point reduction for acceptance of responsibility.

## III.  CRIMINAL HISTORY

The United States concurs with the criminal history calculation prepared in the Presentence Report. Defendant has a criminal history score of 4 and a Criminal History Category of III.

## IV.  18 U.S.C. § 3553(a) FACTORS

With a total offense level of 12 and a Criminal History Category of III, the sentencing range pursuant to the Guidelines is 15 to 21 months. The United States believes a sentence of the 28 months already served in *Commonwealth v. Devin Robinson*, Jefferson Circuit Case No. 21-CR-2767 is appropriate.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed;

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

(A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

. . .

(5)    any pertinent policy statement--

. . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

The defendant stands convicted of one count of interstate transportation for the purposes of prostitution. The sentence should adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter further criminal conduct, and protect the public from further crimes of the defendant.

Here, the defendant has an extensive criminal history, including convictions for troubling violent crimes. Additionally, it appears he has not been completely compliant while on pretrial release. That said, this will be the defendant's first felony conviction, which carries with it a prohibition against gun ownership. Moreover, the charge at issue requires a minimum of five years of supervised release, during which the defendant will be closely monitored.

While the defendant's offense conduct is serious and there were very serious allegations against him regarding violence and sexual abuse in the state case that was dismissed, here the victim has not alleged that the defendant engaged in any violence or coercion.

Most significantly, the defendant already served 28 months in pretrial custody in a state case for charges that were ultimately dismissed. This more than a high-end Guidelines sentence. Moreover, under 18 U.S.C. § 3585(b)(2), the defendant will be given credit for this time as it was the "result of any other charge for which the defendant was arrested after the commission" of the offense in this case.

### V.   CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of time served.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ Amanda E. Gregory
Amanda E. Gregory
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5016
FAX: (502) 582-5097

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Scott Wendelsdorf, defense counsel.

s/ *Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney