**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:23CR-41-RGJ**
**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**v.**

**DEVIN M. ROBINSON,**                                           **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

**May it Please the Court:**

Defendant entered a plea of guilty to Interstate Transportation for Prostitution in violation of 18 U.S.C. 242(a). The plea was pursuant to a Rule 11(c)(1)(C) plea agreement in which both the United States and the defendant "agree that a sentence of time served in *Commonwealth v. Devin Robinson*, Jefferson Circuit Case No. 21-CR-2767, is the appropriate sentence in this case.". (DN 20, ¶11).

The presentence report (DN 24, hereinafter referred to as "PSR") deems defendant's total offense level to be 12 and his criminal history category III for an advisory guideline sentencing range of 15 months to 21 months with a JSIN average of 24 months and a JSIN median of 18 months imprisonment. (PSR ¶¶12, 48-50, 70-71).

The Rule 11(c)(1)(C) plea agreement provides that the "appropriate sentence in this case" is the time served in the related state case of Commonwealth v. Devin Robinson,

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Jefferson Circuit Case No. 21-CR-2767. Defendant was incarcerated in said case from December 14, 2021, to April 18, 2024, a total of two years, four months, and four days—well in excess of both the top of the advisory guideline sentencing range and both the JSIN average and median sentences. (PSR ¶¶10). If the Court accepts the Rule 11(c)(1)(C) plea agreement of the parties, this would result in a total sentence of time served. The Court should accept the plea agreement of the parties and sentence the defendant accordingly.

This sentence, followed by a term of supervised release with all of the stringent requirements, controls, monitoring, and sanctions supervised release entails, will be sufficient but not greater than necessary to 1) provide defendant with needed correctional treatment in the most effective manner; 2) protect the public from further crimes of the defendant; 3) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and 4) afford adequate deterrence to criminal conduct by others. 18 U.S.C. §3553(a)(2).

### Objections to the Presentence Report

Defendant filed timely objections to the preliminary presentence report herein:

1. The inclusion in PSR ¶¶8-10 of lurid and "unsubstantiated allegations from unidentified persons without even reliable hearsay to support them" and for which all resulting "charges arising from the unsupported allegations were . . . dismissed"; and

2) the recommendation in PSR ¶88(c) that defendant complete a sex offender treatment evaluation as part of supervised release even though the offense conduct is for "promoting prostitution of consenting adults without coercion or force of any kind, as attested by the agreed factual basis in Paragraph 3 of the plea agreement". This is not considered a "sex offense" under state or federal law and "does not require registration as a sex offender

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

in Kentucky" as confirmed by the Kentucky State Police Sex Offender Registry".

(See Exhibit A attached hereto). The PSR incorrectly rejected both objections. (PSR Addendum, p. 1).

The Court should sustain defendant's objections on the grounds stated therein, strike PSR ¶¶8-9, and not impose a "sex offender evaluation" as a condition of supervised release.

### The Appropriate Disposition of the Case

The agreed upon sentence of time served followed by a term of supervised release complies with the sentencing requirements of 18 U.S.C. §3553(a)(2), in that it is sufficient but not greater than necessary to 1) provide defendant with needed correctional treatment in the most effective manner; 2) protect the public from further crimes of the defendant; 3) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and 4) afford adequate deterrence to criminal conduct by others. The stringent requirements, controls, monitoring, and sanctions of supervised release will protect the public from any further crimes of defendant. Should he violate any of the terms of his supervised release or evade the controls and supervision of his probation officer, he will could be returned to jail to serve additional time.

### Conclusion

The parties urge the Court to accept their Rule 11(c)(1)(C) plea agreement. It represents the considered judgment of the attorneys for both the United States and the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

defendant that the recommended sentence is a reasonable resolution the case and is sufficient but not greater than necessary to comply with 18 U.S.C. §3553(a)(2).

> /s/ Scott T. Wendelsdorf
> Federal Defender
> 200 Theatre Building
> 629 Fourth Avenue
> Louisville, Kentucky 40202
> (502) 584-0525
>
> Counsel for Defendant.

## CERTIFICATE

I hereby certify that on January 27, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Joshua Judd, Assistant United States Attorney.

> /s/ Scott T. Wendelsdorf

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4